[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10303
Non-Argument Calendar
_____

Agency No. A206-440-470


EDGAR ALEXANDER PIRELA PIRELA,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 6, 2018)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Edgar Pirela Pirela petitions for review of the Board of Immigration Appeals (BIA) decision affirming an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]  After careful review, we deny the petition.

## I.

Pirela, a citizen of Venezuela, attempted to enter the United States at Miami International Airport in 2014.  Immigration authorities determined he was inadmissible but referred him for a credible fear interview.  An asylum officer found Pirela demonstrated a credible fear of returning to Venezuela.

The Department of Homeland Security (DHS) put Pirela in removal proceedings.  Pirela applied for asylum, withholding of removal, and CAT relief. To qualify for asylum, an applicant must establish "a well-founded fear that his or her political opinion (or other statutorily listed factor) will cause harm or suffering that rises to the level of persecution."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks omitted).  To qualify for withholding of removal, an applicant must show that his life or freedom would be threatened in

---

[1] Pirela did not raise the BIA's denial of his CAT claim before this Court.  We therefore consider it abandoned on appeal.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam).

the proposed country of removal because of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16.  To qualify for CAT relief, an applicant must show it is "more likely than not he . . . would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).

Pirela claimed persecution on the basis of his political opinion—specifically, his membership in Un Nuevo Tiempo, a political party that opposes the Venezuelan government led by President Nicolás Maduro.  His asylum application included an affidavit in which Pirela swore to several incidents he said show past persecution. He said a group of five men broke into his family's home, attacked his mother, and demanded monthly payments; that his mother received a phone call days before the attack threatening violence if the family did not stop using their home as a political meeting place; that four of his family members were killed between 2010 and 2011; that he received a threatening phone call from a regime supporter telling him to stop using the family home as a political meeting place; that he was the victim of an attempted kidnapping in 2012; that he received numerous threatening calls telling him to stop supporting Un Nuevo Tiempo before the attempted kidnapping; and that he received a threatening text in 2013 telling him that he had "an expiration date just like a bottle of milk."  He also testified to these incidents at a hearing before an IJ.

3

He introduced objective evidence of his past persecution as well.  His asylum application included documents showing his membership in Un Nuevo Tiempo and Venezuelan police reports documenting threats and violence against him and his family.  He also provided statements from family members saying they were fired from their jobs because of their political beliefs.

The IJ found Pirela not credible due to inconsistencies between his testimony and documentary evidence.  She found in the alternative that Pirela had not demonstrated harm sufficient to establish past persecution or shown a link between his political activities and the alleged persecution.  The BIA affirmed based on the IJ's credibility determination.  It declined to reach the IJ's alternate grounds.  Pirela then petitioned for review by this Court.

## II.

Pirela argues the BIA erred when it upheld the IJ's credibility determination and failed to give reasoned consideration to all the evidence.  These arguments fail.

We review the BIA's decision and the IJ's decision to the extent the BIA expressly adopted it.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947–48 (11th Cir. 2010).  We review credibility determinations under the substantial evidence test, and we cannot reverse a credibility finding unless "the evidence compels a reasonable factfinder to find otherwise."  Chen v. U.S. Att'y Gen., 463 F.3d 1228,

4

1230–31 (11th Cir. 2006) (per curiam) (quotation marks omitted); see also 8 U.S.C. § 1252(b)(4)(B).

Our review leads us to conclude the BIA's credibility determination was supported by substantial evidence. In making a credibility finding, the BIA may base its considerations on inconsistencies between a respondent's testimony and other documents in the record. 8 U.S.C. § 1229a(c)(4)(C). After the REAL ID Act, Pub. L. 109-13 (2005), the BIA may rely on any relevant credibility consideration without regard for whether such factors go "to the heart of the applicant's claim." Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.7 (11th Cir. 2009) (per curiam) (quoting 8 U.S.C. § 1229a(c)(4)(C)). The BIA does not have to accept an explanation for an inconsistency simply because the explanation is plausible. See id. at 1051. Here, the BIA cited several inconsistencies between Pirela's testimony and the police reports in the record. This was a sufficient basis to uphold the IJ's credibility determination.

We also conclude the BIA gave reasoned consideration to the evidence. This Court has sometimes "granted petitions for review, vacated agency decisions, and remanded for further proceedings when the agency's decision was so lacking in reasoned consideration and explanation that meaningful review was impossible." Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1302 (11th Cir. 2015). On this issue, our review requires that "we look only to ensure that the IJ and the BIA considered

the issues raised and announced their decision in terms sufficient to enable review." Id.  The BIA's decision meets this standard.  The BIA's opinion clearly upheld the IJ's credibility determination and gave reasons for doing so.  It also expressly agreed with the IJ's ruling that Pirela's objective evidence was insufficient to establish fear of persecution.  The IJ, for her part, considered Pirela's objective evidence of persecution and gave clear reasons for rejecting it.

Finally, we perceive no error in the BIA's decision not to review all the inconsistencies the IJ identified.  The BIA is not required to "address specifically . . . each piece of evidence the petitioner presented" so long as it "consider[s] the issues raised and announce[s] [its] decision in terms sufficient to enable a reviewing court to perceive that [the BIA] ha[s] heard and thought and not merely reacted." Ayala, 605 F.3d at 948 (quotation marks omitted).  The BIA's opinion meets that standard.

For these reasons, we **DENY** the petition for review.